UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE M. WILLIAMS-TURNER, | No. 2:17-cv-2252-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed two applications to proceed in forma pauperis (ECF Nos. 2 & 8). As discussed below, the applications should be denied.

After review of plaintiff's litigative history, the court concludes that she[1] is a "three-striker" within the meaning of 28 U.S.C. § 1915(g). The Prison Litigation Reform Act of 1995 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

---

[1] The court notes that California State Prison-Sacramento, where plaintiff is housed, is designated a male only facility. Nevertheless, plaintiff has written her name as "Ms. Lonnie Mo'Nique Williams Turner." ECF No. 1 at 1. Thus, the court concludes that feminine pronouns are appropriate in this instance.

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[2] of the following lawsuits previously filed by plaintiff:

> (1) *Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g));
>
> (2) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim);
>
> (3) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim);
>
> (4) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim).

Thus, on at least three occasions, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, plaintiff must have alleged facts that demonstrate that she was "under imminent danger of serious physical injury" at the time of filing the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g).").

In her complaint, plaintiff alleges that, while incarcerated at Mule Creek State Prison ("Mule Creek") in December 2016, she was assaulted and raped by another inmate. ECF No. 1 at 3. Plaintiff claims that prison officials failed to prosecute the offending inmate. *Id.* at 3-5. These allegations do not suggest that plaintiff is under imminent danger of serious physical injury. The

---

[2] Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

rape related in the complaint occurred nearly a year ago, and there is no suggestion that a similar assault is imminent. Additionally, the complaint indicates that, at the time of filing, plaintiff is no longer incarcerated at Mule Creek.

Because plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g), her requests to proceed in forma pauperis must be denied and she must pay the full filing fee to proceed with this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 2 & 8) be DENIED; and

2. Plaintiff be directed to pay the full $400 filing fee for this action within twenty-one days of any order adopting these findings and recommendations and be admonished that failure to comply will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE